
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50392 | **DATE** | 1/5/2004 |
| **CASE TITLE** | United States vs. Blackshear | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court dismisses in part and denies in part petitioner's section 2255 motion and denies the motions for discovery and an evidentiary hearing. This cause is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JAN 06 2004 date docketed | 18 |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. ✓ | 1-6-04 date mailed notice | |
| LC courtroom deputy's initials | | Date/time received in central Clerk's Office | pw mailing deputy initials |



(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Thomas Blackshear, a federal prisoner, filed a motion pursuant to 28 U.S.C. § 2255, raising four issues related to his sentence and five issues pertaining to his guilty plea. Issues 3, 6, 8, and 9 are waived as defendant expressly waived in his written plea agreement his right to seek section 2255 relief as to those four issues, has not claimed that his trial counsel was ineffective in that regard, and stated during the Rule 11 colloquy that he was satisfied with his attorney's representation regarding his plea agreement. See Mason v. United States, 211 F. 3d 1065, 1069 (7th Cir. 2000). Thus, the court dismisses Blackshear's section 2255 motion as to those four claims.

For the following reasons, the court denies Blackshear's section 2255 motion as to the remaining five claims.

In issue 1, Blackshear alleges that he received ineffective assistance of appellate counsel in his direct appeal because of appellate counsel's filing of a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). The court of appeals, however, granted Blackshear's appellate counsel's motion to withdraw based on his inability to identify any non-frivolous issues. United States v. Blackshear, No. 01-3067, 2002 WL 730950, at *1-2 (7th Cir. April 19, 2002). This court has no authority to grant Blackshear any relief as it relates to an issue already decided by the court of appeals. Accordingly, that claim is denied.

Issue 2 alleges Blackshear's trial counsel was ineffective based on a conflict of interest that existed due to his simultaneous representation of a potential government witness. This contention is without merit as any conflict was eliminated when the magistrate judge ordered the potential witness to be represented by another attorney during the proffer. The government also decided not to call the witness at either the trial or the sentencing. These matters occurred prior to Attorney Byrd's actual representation of Blackshear.. Thus, no actual or potential conflict existed that would support a claim of ineffective assistance of counsel.

In issue 4, Blackshear claims that his trial counsel was ineffective for failing to investigate and discover that his then-wife had provided information to law enforcement authorities that contributed to the search of his home and his arrest and that she had been paid by law enforcement authorities for this information. In support of this claim, Blackshear submits two affidavits of his mother and one from an acquaintance that essentially state that Blackshear's ex-wife anticipated receiving $800 for having provided information and planting evidence.

This claim fails for several reasons. First, while the affidavits state that Blackshear's ex-wife expected to receive an $800 "pay off" for "turning [defendant] in" and helping "set him up," there is no indication that the source of the $800 was from any law enforcement authority or that any law enforcement authority had actual knowledge of his ex-wife's activities. Second, the affidavits consist of hearsay as they are based on conversations allegedly overheard by the affiants. The affidavits are too vague and based on inadmissible evidence and do not support Blackshear's claim or justify a hearing thereon.

There is an additional reason for denying this claim. Blackshear has couched his claim in terms of his trial counsel's ineffectiveness for failing to investigate and discover his ex-wife's involvement with law enforcement authorities. If the evidence was planted in the headboard of their bed, Blackshear should have suspected that his wife was the culprit and raised this theory with his trial counsel. There is nothing in the record to suggest that trial counsel should have developed this suspicion on his own. Absent any allegation that defendant advised his trial counsel of his suspicion and that trial counsel failed to act, the claim must fail.

Issue 5 alleges that his trial counsel was ineffective for not discovering and asserting that his civil rights had been restored by the State of Illinois in regard to the convictions that supported the charge of felon in possession of a firearm. This claim fails because the letter received by Blackshear did not restore all of his civil rights. In United State v. Rutledge, 22 F. Supp. 2d 871 (C.D. Ill. 1998), aff'd on other grounds, 230 F. 3d 1941 (7th Cir. 2000), the court rejected the precise claim raised by defendant here. The court there ruled that a letter like the one received by Blackshear here did not restore all of the defendant's civil rights, including his right to possess firearms, and, thus, the underlying conviction could be used to support a charge of felon in possession of a firearm. Rutledge, 22 F. Supp. 2d at 882. This court agrees with the conclusion of Rutledge and its distinguishing of United States v. Glaser, 14 F. 3d 1213 (7th Cir. 1994). This court does not, however, follow that portion of Rutledge that relied on Roehl v. United States, 977 F. 2d 375 (7th Cir. 1992). See Dahler v. United States, 143 F. 3d 1084 (7th Cir. 1998).

Blackshear's final non-waived claim, issue 7, alleges that his trial counsel was ineffective in not giving him adequate time to review the written plea agreement. This claim fails for the simple reason that during the Rule 11 colloquy the court asked Blackshear if he reviewed the plea agreement with his counsel to which Blackshear answered that he had spent about an hour doing so. He also answered no when asked if there was anything he did not understand as it related to the plea agreement. Furthermore, Blackshear stated he was satisfied with his attorney's representation related to his guilty plea. It is apparent that the Rule 11 colloquy contradicts Blackshear's assertion that he pleaded guilty due to his counsel's ineffectiveness. See United States v. Standiford, 148 F. 3d 864, 869 (7th Cir. 1998).

For the foregoing reasons, the court dismisses in part and denies in part Blackshear's section 2255 motion and dismisses this cause in its entirety. The court further denies Blackshear's related motions for discovery and an evidentiary hearing as moot.